IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH I. WILLIAMS | : | |
| | : | |
| Petitioner, | : | Case No. 4: 05-CV-132 |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF PROBATION & PAROLE, RAYMOND COLLERAN, Superintendent, SCI-Waymart, and PA STATE ATTORNEY GENERAL | : | (Judge McClure) |
| | : | |
| Respondents. | : | |

**O R D E R**

November 17, 2005

**BACKGROUND:**

On or about January 19, 2005, petitioner Ralph I. Williams, an inmate at SCI-Waymart, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams's petition arises from the revocation of his parole for technical violations, a process which required Williams to be returned from Florida to Pennsylvania. Williams asserts that the Pennsylvania Board of Probation and Parole ("Board") violated his due process rights for several reasons.[1] On March 8,

[1]Williams asserts that the Board violated his due process rights by: (1)

2005, respondents filed their answer and brief in opposition to the petition asserting, inter alia, that Williams failed to exhaust his state court remedies. For the following reasons we will dismiss Williams's petition for failure to exhaust his available state court remedies and because his claims are now procedurally defaulted.

**DISCUSSION:**

## I. RELEVANT LEGAL STANDARD

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Additionally, we may only reach the

---

failing to visit petitioner within twenty-four hours after incarcerating him on a detainer with the Florida officials; (2) violating petitioner for different violations than the three violations indicated in the notice of a preliminary hearing served on petitioner by the Florida officials; and (3) failing to hold a revocation hearing within 120 days.

merits of a petitioner's federal claims if each claim in his petition (1) has been exhausted in the state courts, and (2) is not procedurally defaulted.  See 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v. Johnson, 393 F.3d 373, 379-81 (3d Cir. 2004).  Exhaustion is required because it gives the state the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)) (internal quotations and additional citations omitted).  In order to provide the state with the opportunity to address the prisoner's federal claims, a state prisoner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.  Id. (citing Duncan, 513 U.S. at 365-66.)

## II.  RELEVANT FACTS

On February 4, 2004, shortly after the Pennsylvania Board of Probation and Parole recommitted Williams to a state correctional institution as a technical parole violator, Williams filed a Petition for a Writ of Mandamus directly to the Pennsylvania Supreme Court seeking to invoke the Court's original jurisdiction.  (Rec. Doc. No. 12-3, Ex. 2.)  On February 11, 2004, the Board of Probation and Parole responded to the Petition for Writ of Mandamus and noted that there was no

basis for Williams to bypass the Pennsylvania Commonwealth Court with his Petition and to proceed to the Supreme Court. (Rec. Doc. No. 12-4, Ex. 3.) On July 21, 2004, the Pennsylvania Supreme Court denied the Petition for Writ of Mandamus without opinion. Williams v. Pennsylvania Bd. of Probation and Parole, No. 33 MM 2004, slip op. (Pa. July 21, 2004) (per curiam) (order granting request for leave to file original process and denying petition for writ of mandamus); see also (Rec. Doc. No. 12-5, Ex. 4). Williams never filed a Petition for Writ of Mandamus, or a petition for review of the administrative decision, contesting the issues raised in this action before the Pennsylvania Commonwealth Court.[2]

---

[2]Furthermore, there is no evidence in the record that Williams took an administrative appeal of the Board's order. The notice of the Board's decision, mailed to Williams January 12, 2004, indicated that if Williams wished to appeal his decision he "MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGATIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT." (Declaration

## III. FAILURE TO EXHAUST STATE REMEDIES

The Commonwealth of Pennsylvania's Administrative Agency Law provided Williams with an avenue to exhaust his allegations that the Board of Probation and Parole violated his constitutional rights when they revoked his parole by filing a petition for review. 2 Pa. C.S.A. §§ 702, 704 (providing that court conducting review of an agency decision shall not affirm an administrative decision if it finds that the "adjudication is in violation of the constitutional rights of the appellant"), 42 Pa. C.S.A. § 763(a) (conveying Commonwealth Court with exclusive jurisdiction over "appeals from final orders of government agencies"); see, e.g., Smalls v. Pa. Bd. Of Probation & Parole, 823 A.2d 274 (Pa. Commw. Ct. 2003). Before pursuing judicial review of the Board's decision, petitioner should have followed the instructions in the Board's notice of decision, and filed an administrative appeal with the Board governed by 37 Pennsylvania Code Section 73. In relevant part, section 73 of the Pennsylvania Code provides:

> § 73.1. Appeals and petitions for administrative review.
>
> (a) Appeals.
> (1) An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely

---

of Amy Stanton, Rec. Doc. No. 12-2, Ex.. R, at 40-41.)

> appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal. . . .
> (2) The scope of review of an appeal will be limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law.
> . . .
> (4) Second or subsequent appeals and appeals which are out of time under these rules will not be received.
> (b) Petitions for administrative review.
> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review. ...
> (3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code § 73.1.

Williams has procedurally defaulted his claim as he failed to file an administrative appeal with the Board, and a subsequent petition for review with the Commonwealth court. Instead, Williams incorrectly filed a writ of mandamus with the Supreme Court and bypassed the appropriate state avenues for relief.

Petitioner's reliance on DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005),

is inapposite.  In DeFoy, the Third Circuit held that a Pennsylvania state prisoner challenging the denial of parole on constitutional grounds other than the Ex Post Facto Clause need not file a state petition for a writ of mandamus in order to satisfy the dictates of exhaustion before seeking federal habeas relief.  DeFoy, 393 F.3d at 444.  This was because under Pennsylvania law mandamus is not available for state prisoners seeking to challenge the denial of their parole on constitutional grounds other than the Ex Post Facto Clause.  Id. at 445.  The facts of the instant case are different - petitioner is challenging the revocation of his parole, not the denial of his parole.   As indicated above, the Pennsylvania Code and Pennsylvania's Administrative Agency Law provide both administrative and judicial avenues for Williams to present his constitutional grievances, avenues which Williams did not exhaust.  Williams's brief and petition cite to numerous cases in which there has been judicial review by the Commonwealth Court of a Board's decision.  These cases all belie Williams's assertion that there is no relief available to state prisoners asserting claims similar to his.

    Similarly, Williams's claims are procedurally defaulted because he failed to file an administrative appeal within thirty days of the Board's notice of decision, and likewise failed to file a petition for review of the administrative decision with the Commonwealth Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Williams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed, with prejudice. (Rec. Doc. No. 1.) His petition is dismissed for failure to exhaust the remedies available in the state courts and because his claims are now procedurally defaulted.

2. No basis exists for a certificate of appealability. See 28 U.S.C. § 2253.

3. The clerk is directed to close the case file.

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge